UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
LI E. ZHANG,

        Plaintiff,

  - against -

KYUNG HWA CHOI d/b/a JAMES NAIL,

        Defendant.
------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**

09-CV-4615 (KAM) (RLM)

MATSUMOTO, United States District Judge:

      By Report and Recommendation dated July 9, 2010 (Doc. No. 11, "R&R"), Magistrate Judge Roanne L. Mann recommends that the court deny plaintiff's motion to "retain jurisdiction over this matter and compel the Defendant to comply with the terms of" the parties' settlement agreement. (Doc. No. 8, Letter dated 6/29/10.) Judge Mann reasons that the parties' stipulation of dismissal (Doc. No. 6), does not provide for continuing jurisdiction in the event of a default in payment by defendant, nor does it incorporate the parties' settlement agreement. (R&R at 1.)

      The court has not received any written objections to the R&R and finds no clear error on the face of the record. *See Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of

the record.") (citation and internal quotation marks omitted); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).  As Judge Mann correctly observes, the court lacks subject matter jurisdiction to enforce the terms of the parties' settlement agreement because their fully-executed stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), filed with the court, does not provide a basis upon which this court may continue to exercise jurisdiction, and there is no independent basis to do so.  Courts have routinely recognized that in the absence of an independent basis for subject-matter jurisdiction, a district court lacks subject-matter jurisdiction to enforce terms of a settlement agreement unless the terms of the settlement agreement are incorporated in the stipulation dismissal or unless an order of dismissal expressly provides for the retention of jurisdiction for the purpose of enforcing the settlement.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378-81 (1994); *R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 78 (2d Cir. 2005); *In re Austrian & German Bank Holocaust Litig.*, 317 F.3d 91, 98 (2d Cir. 2003); *Scelsa v. City Univ. of New York*, 76 F.3d 37, 40 (2d Cir. 1996).

The R&R is thus adopted as the opinion of the court.

SO ORDERED.

Dated:  Brooklyn, New York
        July 29, 2010

                                      /s/
                              ———————————————————
                              KIYO A. MATSUMOTO
                              United States District Judge
                              Eastern District of New York